IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Brandon Krouser,  )  <br> )  <br>     Plaintiff,  )  <br> )  <br> vs.  )  <br> )  <br> The Cove at Fair Forest,  )  <br> )  <br>     Defendant.  )  <br> )  <br> )  <br> _____ )  | Civil Action No. 6:22-cv-4480-TMC <br><br> **ORDER** |

Plaintiff Brandon Krouser ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this action against his landlord, Defendant The Cove at Fair Forest ("Defendant"), alleging Defendant failed to maintain his apartment in a habitable condition or provide other services. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to allege facts sufficient to establish subject matter jurisdiction in this court. (ECF No. 11 at 2–6). Specifically, the magistrate judge determined that Plaintiff did not refer to any federal statute, rule or constitutional provision and that he did not plead facts from which the court can glean any basis for federal question jurisdiction. *Id*. at 5. The magistrate judge further concluded that Plaintiff failed to allege facts sufficient to establish diversity jurisdiction, finding that the amount in controversy is $5,500 and that both parties are citizens of South Carolina. *Id*. Accordingly, the magistrate judge recommended the court summarily dismiss this action for lack of subject matter jurisdiction. *Id*. at 6.

1

On December 14, 2022, the Report was mailed to Plaintiff at the address he had provided the court along with a notice of Plaintiff's right to file objections. (ECF Nos. 11 at 7; 12). The Report has not been returned to the court as undeliverable. Therefore, Plaintiff is presumed to have received the Report. Nonetheless, Plaintiff has not submitted any objections. The time for Plaintiff to object to the Report has now expired, and this matter is ripe for review.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Having reviewed the Report and the record and, finding no clear error, the court agrees with, and wholly **ADOPTS**, the magistrate judge's findings and recommendations in the Report (ECF No. 11), which is incorporated herein by reference. Accordingly, the court summarily **DISMISSES** this action for lack of subject matter jurisdiction.

IT IS SO ORDERED.

                                                s/Timothy M. Cain
                                                United States District Judge

February 14, 2023
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.